UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARTY J. HEBERT** | **CIVIL ACTION NO. 6:15-cv-2348** |
|     **LA. DOC #368170** | |
| **VS.** | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Marty J. Hebert, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on September 8, 2015. Petitioner attacks his 1996 conviction for second degree murder and the sentence of life without benefit of parole imposed by the Sixteenth Judicial District Court, St. Mary Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed **SUCCESSIVE** and **DISMISSED** for want of jurisdiction.

*Statement of the Case*

In 1996 petitioner was convicted of second degree murder and sentenced to life imprisonment without benefit of parole. [Doc. 1, ¶1-3] His conviction and sentence were affirmed on appeal to the First Circuit Court of Appeal. *State of Louisiana v. Marty James Hebert*, 697 So.2d 1040 (La. App. 1 Cir. 6/20/1997) Discretionary review was denied by the Louisiana Supreme Court. *State of Louisiana v. Hebert,* 706 So.2d 450 (La. 1997). Petitioner's first attempt to obtain post-conviction relief was unsuccessful. *State of Louisiana ex rel. Marty Hebert*, 98-1381 (La. 10/9/1998), 726 So.2d 25.

On November 13, 1998 he filed a petition for writ of *habeas corpus* in this Court arguing claims of improper jury instruction, improper statements by the prosecutor, improper use of other crimes evidence, withholding of *Brady* evidence, and ineffective assistance of counsel. On July 8, 1999 the petition was dismissed with prejudice on the merits. *Marty J. Hebert v. Warden, L.S.P.*, Civil Action No. 6:98-cv-2254 at Docs 1 (Petition), 11 (Report and Recommendation), 13 (Judgment), and 16 (Denial of Certificate of Appealability (C.O.A.)). His request for a C.O.A. was thereafter denied by the United States Fifth Circuit Court of Appeals on January 4, 1999. *Marty Hebert v. Burl Cain, Warden*, No. 99-30801.

A second round of state post-conviction was also unsuccessful. *State of Louisiana ex rel. Marty Hebert*, 200-2446 (La. 6/1/2000), 793 So.2d 183.

On January 14, 2003 he sought permission from the Fifth Circuit to file a second and successive petition for *habeas corpus*, and, on February 13, 2003 authorization was denied by the Fifth Circuit. *In re: Marty Hebert*, No. 03-30032.

Petitioner filed the instant petition on September 8, 2015. He argues ineffective assistance of trial, appeal, and post-conviction counsel.

## *Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This is petitioner's second *habeas corpus* petition. It attacks the same conviction and sentence which was the subject of his previous petition.

While "a prisoner's application is not second or successive simply because it follows an

earlier federal petition..." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998), "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence <u>that was or could have been raised</u> in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.; see also Crone v. Cockrell,* 324 F.3d 833.  Petitioner's ineffective assistance of counsel claim was either raised in his previous petition or it could have been.  A previous *habeas corpus* petition was dismissed with prejudice on the merits; and petitioner thereafter sought and was denied permission from the Court of Appeals to file a successive petition.  This petition is successive.

Petitioner has not yet applied for nor received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **DISMISSED** for want of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall

bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed in Lafayette, Louisiana this 26th day of October, 2015.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE