UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Marty J. Hebert                                  Civil Action No. 6:15-cv-2348
    LA. DOC #368170

versus                                           Section P

                                                                        Judge Rebecca F. Doherty

Warden Burl Cain                                 Magistrate Judge Carol B. Whitehurst

### REPORT AND RECOMMENDATION

Before the Court is Petitioner Marty J. Hebert's *pro se* "Application for Rule 60(b) Motion." (Doc. 7). Petitioner, an inmate in the custody of Louisiana's Department of Corrections, specifically seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(6). For the reasons discussed below, the undersigned recommends that Petitioner's motion be denied.

### *I. Background*

Petitioner was convicted in 1996 of second degree murder by the Sixteenth Judicial District Court, St. Mary Parish, and sentenced to life imprisonment without benefit of parole. (Doc. 1 at ¶¶1-3.) The Louisiana First Circuit Court of Appeal affirmed his conviction and sentence. *State of Louisiana v. Marty James Hebert*, 697 So. 2d 1040 (La. App. 1st Cir. 6/20/1997). Discretionary review was denied by the Louisiana Supreme Court. *State of Louisiana v. Hebert,* 706 So. 2d 450 (La. 1997).

Petitioner's attempt to obtain state post-conviction relief in 1998 was unsuccessful. *State of Louisiana ex rel. Marty Hebert*, 98-1381 (La. 10/9/1998), 726 So. 2d 25.

On November 13, 1998, Petitioner filed his first federal petition for writ of *habeas corpus*, in which he sought to attack his 1996 conviction. On July 8, 1999, this petition was denied and dismissed with prejudice. (*Marty J. Hebert v. Warden, L.S.P.*, Civil Action No. 6:98-cv-2256 (W.D. La. Jul. 8, 1999) at Doc. 13). On January 4, 2000, the Fifth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (*Marty Hebert v. Burl Cain, Warden*, No. 99-30801 (5th Cir. 2000)).

On September 8, 2015, Petitioner, an inmate in the custody of Louisiana's Department of Corrections, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner again attacked his 1996 conviction and sentence, claiming ineffective assistance of trial, appeal, and post-conviction counsel. (Doc. 1-1.) After citing the Supreme Court decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2012), Petitioner argued the following in his memorandum brief:

> The record in this case will show that Petitioner filed an application in 1998 for post conviction relief [in state court], where he raised a claim of "ineffective assistance of trial counsel." This claim was denied without appointment of counsel. The record will reflect that appeal counsel did not raise a claim of ineffective assistance of counsel on

> direct appeal, and that at the time such a claim was regulated to post conviction relief. Petitioner argues that he had a Constitutional right to effective assistance of counsel on this claim and that because the State of Louisiana moved this claim to post conviction relief it in fact, denied him his constitutional right to representation by counsel on this claim. The court did not appoint counsel to represent him on this claim in 1998 and to this day he continues to be denied his guaranteed right to appointment of counsel on this claim.

(*See* Doc. 1-2 at p. at p 6.)

On November 13, 2015, the Court adopted the undersigned's Report and Recommendation which: (1) deemed this petition as successive pursuant to 28 U.S.C. § 2244(b); and (2) dismissed this successive petition for want of jurisdiction, because Petitioner had failed to acquire the necessary permission from the Fifth Circuit to file same in this Court. (Docs. 4 and 5.) On December 20, 2016, the Court received Petitioner's motion seeking relief pursuant to Rule 60(b)(6). (Doc. 7.)

## *II. Discussion*

The Supreme Court "held in *Martinez* that where state law requires claims of ineffective assistance of trial counsel be raised in an initial post-conviction application, a procedural default will not bar federal habeas relief on an ineffective assistance of trial counsel claim if in the initial post-conviction proceeding there was no counsel or counsel in that proceeding was ineffective." *McIntyre v. Warden, Wade Correctional Center*, No. 97-cv-241, 2016 WL 7077148, at *1 (W.D. La. Sep.

22, 2016) (citing *Martinez*, 132 S. Ct. at 1318). The Supreme Court expanded the *Martinez* rule in *Trevino* by applying the rule in states "where . . . state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal." *Trevino*, 133 S. St. at 1921. Recently, the Fifth Circuit has held that the *Martinez/Trevino* rule applies to the Louisiana post-conviction process. *Coleman v. Goodwin*, 833 F.3d 537, 541 (5th Cir. 2016).

Petitioner argues in his motion that the *Coleman* decision constitutes "extraordinary circumstances," entitling him to relief under Rule 60(b)(6). Resolution of Petitioner's motion first requires considering whether it should be treated as either a proper Rule 60(b) motion or a successive petition for habeas review subject to the authorization requirements of 28 U.S.C. § 2244(b).

The Supreme Court has held that a Rule 60(b) motion in a § 2254 habeas case is properly characterized as a second or successive petition subject to § 2244(b) if it "seeks to add a new ground for relief or asserts a "claim that could be said to attack the district court's previous resolution on the merits." *Gonzalez v. Crosby*, 545 U.S. 524, 532 n. 4 (2005). Conversely, the Supreme Court recognized that a Rule 60(b) motion that seeks to challenge only procedural defects in a prior federal habeas action

4

may be considered by the district court as a proper Rule 60(b) motion. *See id.* (explaining that "[a Rule 60(b) movant] is not [making a habeas claim] when he merely asserts that a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as failure to exhaust, procedural defect, or statute-of-limitations bar").

Petitioner neither seeks to raise a new ground for relief in his Rule 60(b) motion nor asserts a claim attacking "the federal court's resolution of a claim on the merits." (Doc. 7 at p. 4.) Rather, in attacking the Court's dismissal of this case as successive, Petitioner seeks to challenge a defect in the integrity of the federal court's habeas proceedings. (Doc. 7 at p. 4.) Petitioner's motion, therefore, should not be characterized as a second or successive petition, and this Court has jurisdiction to consider same as a proper Rule 60(b) motion. *See Gonzalez*, 545 U.S. at 532 n.4.

In considering the merits of Petitioner's motion, Rule 60(b)(6) provides that a court may act to provide a party relief from a final judgment for "any reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). "It is a catch-all provision meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). Pursuant to Rule 60(b)(6), a court may grant relief only in "extraordinary" circumstances. *Id.*

"[A] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment under Rule 60(b)(6)." *McIntyre*, 2016 WL 7077148, at *2 (citing *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012)). The *Adams* court further held that the *Martinez* decision "does not constitute an 'extraordinary circumstance' under Supreme Court and our precedent to warrant Rule 60(b) relief." *Adams*, 679 F.3d at 320.

Petitioner's sole reliance on the decisions in *Martinez*, *Trevino*, and *Coleman* fails to constitute exceptional circumstances under Rule 60(b)(6). *Adams*, 679 F.3d at 319-20; *McIntyre*, 2016 WL 7077148, at *2. *See also Diaz v. Stephens*, 731 F.3d 370, 376 (5th Cir. 2013) (holding that "*Martinez*, even in light of *Trevino*, does not create extraordinary circumstances warranting relief from final judgment"). Furthermore, the Court properly determined that it lacks jurisdiction to consider any *Martinez/Trevino* claims of ineffective assistance of counsel. Petitioner offers no argument to suggest that the Court can consider these claims without Petitioner obtaining authorization from the Fifth Circuit under § 2244(b)(3)(A). Accordingly, Petitioner is not entitled to Rule 60(b)(6) relief.

### *III. Conclusion*

Based on the foregoing, the undersigned recommends that Petitioner's motion for Rule 60(b) relief (Doc. 7) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 29th day of December, 2016.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE